JUDGE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES E WRIGHT, JR.<br><br>Defendant. | NO. CR12-391BAT<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

**I.     Introduction**

Charles Wright pleaded guilty to one count of Delay or Destruction of Mail, a Class A misdemeanor. The Court is scheduled to sentence Mr. Wright on April 10, 2013, at 10 a.m. In this case, the goals of sentencing can be achieved with a sentence of two years of probation and a $500 fine.

**II.     Background**

Mr. Wright is 57 years old, and this case marks his first – and last – involvement with the criminal justice system. By all accounts, he has led a healthy and productive life. He and his wife, Donna, have been married for nearly 31 years, and they have lived in the same home for nearly all of those years. They spend their free time going for

DEFENDANT'S SENTENCING MEMORANDUM - 1
(Charles E. Wright, Jr.; CR12-391BAT)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington  98101
(206) 553-1100

walks, watching movies, and having picnics. Together they raised two sons, Dominic and Perris, both of whom live in the Tacoma area. Mr. Wright sees and talks to his sons on a weekly basis. He looks forward to coming clean to his sons about this case, but is waiting to do so until he knows his punishment so he does not burden them with any uncertainty.

After serving in the United States Army for a few years as a maintenance clerk and battalion mail clerk, Mr. Wright joined the United States Postal Service. He worked for the USPS for approximately 34 years. At some point during the last couple of years, Mr. Wright began opening mail looking for cash. He was confronted on July 26, 2012, by Special Agents from the United States Postal Service, and quickly confessed. He retired from the Postal Service in September 2012.

Mr. Wright still does not understand why he committed this crime.

> As I sit here today, I really don't have a reason for the crime I committed other than straight up STUPIDITY, not realizing at the time all of the people I would be hurting. I would say it was just a crime of opportunity to take something even though I knew it was wrong. At times I sit and wonder about not the few things that I gained (if any), but the so many things and opportunities that I have lost from being so stupid in judgment.

Ex. A. His escalating use of marijuana may have contributed to his impaired decision making, but Mr. Wright has been able to stop using marijuana without difficulty or assistance.

While he does not understand the cause of his actions, he is certain of both its consequences and his future. He writes in his letter to the Court, "I offer no excuses for my conduct and fully accept responsibility for the improper decisions and mistakes that I have made. In my heart I just hope my ex-coworkers and great customers can remember me for the things that I did right. I had the opportunity to work for a great organization for 35 years." *Id*. The experience of being investigated and then prosecuted was totally foreign to Mr. Wright and his wife. Although he quickly pleaded guilty and has done

DEFENDANT'S SENTENCING MEMORANDUM - 2
(Charles E. Wright, Jr.; CR12-391BAT)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

everything required of him while on pretrial services supervision, this process has not been without embarrassment and discomfort. *See, e.g.* Release Status Report; Ex. B (letter of Donna Wright).

Since leaving the Postal Service, Mr. Wright has started refereeing high school and recreational basketball games and umpiring softball and baseball games. He also hopes to begin a yard business to supplement his retirement benefits and his wife's para-educator salary. More simply, as he explained to the Probation Officer, he "plan[s] to be a good boy and do the right thing."

### III.   Advisory Guidelines

The defense agrees with the guidelines calculation set forth in the presentence report. The range of imprisonment is zero to six months, with a sentence of probation allowed. The range of fine is $500 to $5000.

### IV.   Sentencing Recommendation

Mr. Wright asks the Court to impose a sentence of two years of probation and a $500 fine, the low-end of the advisory guideline range.

Mr. Wright has lost his job, been convicted of a federal crime, and suffered the humbling and difficult process of being prosecuted. Although he was allowed to keep his pension, a decision for which he is enormously grateful, the loss of his full income is significant. His wife works as a para-educator and earns about $700 every two weeks for her work. Mr. Wright and his family will continue to feel the financial cost of his crime for years, regardless of the amount of fine imposed by the Court.

Moreover, for the next two years, he will also be subject to substantial restrictions on his liberty. Even standard conditions of probation involve substantial restrictions of liberty. *Gall v. United States*, 552 U.S. 38, 48 (2007). "Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled.'" *Id.*, quoting *United States v. Knights*, 534 U.S. 112, 119

DEFENDANT'S SENTENCING MEMORANDUM - 3
(Charles E. Wright, Jr.; CR12-391BAT)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington  98101
(206) 553-1100

1  (2001) (internal quotations omitted). As the district court judge in *Gall* explained,

> [The defendant] will have to comply with strict reporting conditions along with a . . .regime of alcohol and drug testing. He will not be able to change or make decisions about significant circumstances in his life, such as where to live or work, which are prized liberty interests, without first seeking authorization from his Probation Officer or, perhaps, even the Court. Of course, the Defendant always faces the harsh consequences that await if he violates the conditions of his probationary term.

*Gall*, 552 U.S. at 44 (quoting district court's sentencing memorandum).

Under the circumstances of this case, a sentence of two years of probation and a $500 fine (in addition to the restitution order and mandatory special assessment) is sufficient to punish Mr. Wright for his poor, inexplicable choices, and to provide him with the chance to prove that he is the good person his history suggests. Such punishment is also sufficient to achieve the goals of promoting respect for the law and deterring others from committing such offenses.

DATED this 4th day of April 2013.

Respectfully submitted,

s/Corey Endo
WSBA No. 34270
Attorney for Charles Wright, Jr.
Federal Public Defender
1601 Fifth Avenue, Suite 700
Seattle WA 98101
206/553-1100 voice
206/553-0120 facsimile
Corey_Endo@fd.org

DEFENDANT'S SENTENCING MEMORANDUM - 4
(Charles E. Wright, Jr.; CR12-391BAT)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington  98101
(206) 553-1100

# CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Kate Vaughan
> Assistant United States Attorney
> 700 Stewart Street, Suite 5220
> Seattle, WA 98101

and I further certify that I have emailed the document to the following non CM/ECF participants:

> Lisa Combs
> United States Probation Officer
> 700 Stewart Street, Suite 11101
> Seattle, WA   98101

>> s/Karen A. Crawford
>> Paralegal
>> Federal Public Defender
>> 1601 Fifth Avenue, Suite 700
>> Seattle, WA 98101
>> 206/553-1100 voice
>> 206/553-0120 facsimile

DEFENDANT'S SENTENCING MEMORANDUM - 5
(Charles E. Wright, Jr.; CR12-391BAT)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington  98101
(206) 553-1100